IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**INVELLOP, LLC**,
*an Oregon limited liability company*,

        Plaintiff,

    v.

**JERALD A. BOVINO**,
*an individual*,

        Defendant.

Case No. 3:14-cv-00033-SI

**OPINION AND ORDER**

Owen W. Dukelow and David P. Cooper, KOLISCH HARTWELL, P.C., 520 S.W. Yamhill Street, Suite 200, Portland, OR 97204. Of Attorneys for Plaintiff.

Joseph A. Mohr, MOHR INTELLECTUAL PROPERTY LAW SOLUTIONS, P.C., 522 S.W. Fifth Avenue, Suite 1390, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

        The question before the Court is whether it may exercise personal jurisdiction over Defendant Jerald A. Bovino ("Defendant" or "Bovino"). Plaintiff Invellop, LLC ("Plaintiff" or "Invellop") brings this action seeking a declaratory judgment of patent noninfringement, a

declaratory judgment of patent invalidity, and a judgment of abuse of process under either Oregon or Colorado law. Bovino, entering a limited appearance, moves to dismiss Invellop's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") due to lack of personal jurisdiction over Bovino. The Court grants Bovino's motion.

## STANDARDS

The "issue of personal jurisdiction in a declaratory action for non-infringement is 'intimately related to patent law' and thus governed by Federal Circuit law regarding due process." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)). Where the parties conduct limited discovery related to jurisdictional issues and a district court does not conduct an evidentiary hearing, the plaintiff has the "burden of proving by a preponderance of the evidence the facts necessary to establish personal jurisdiction over the defendant." *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001).[1] In evaluating a Rule

---

[1] It is not entirely clear that Federal Circuit law applies the preponderance of the evidence burden. The Federal Circuit in *Pieczenik v. Dyax Corp.* addressed the issue of personal jurisdiction under a unique New York long-arm statute and cited Second Circuit law when announcing the preponderance of the evidence standard. 265 F.3d at 1330-31, 1334. The applicability of *Pieczenik v. Dyax Corp.* appears to be limited to situations where the parties advise the court that no evidentiary hearing is needed. Here, the parties conducted limited jurisdictional discovery and did not request an evidentiary hearing. The Court notes, however, that the Federal Circuit has also stated that where the district court relies "on the complaint and written submissions without holding an evidentiary hearing," the plaintiff is "required to allege only a prima facie showing that defendants are subject to personal jurisdiction." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012).

The parties agreed at oral argument that the preponderance of the evidence standard is the appropriate burden for Invellop. Thus, despite the lack of clarity on the appropriate burden on Invellop in this case, the Court applies the standard from *Pieczenik*. Moreover, even applying the less stringent *prima facie* standard applicable when there has been no jurisdictional discovery, the Court would reach the same result in this case. *See Silent Drive*, 326 F.3d at 1201 (where the parties have not conducted discovery, the respondent need "only to make a prima facie showing that the defendants were subject to personal jurisdiction").

PAGE 2 – OPINION AND ORDER

12(b)(2) motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the court "accepts uncontroverted allegations in the complaint as true and resolves factual disputes in the plaintiffs' favor." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012).

## BACKGROUND

Plaintiff Invellop is an Oregon-based company that sells protective covers for various electronic devices, including tablets and portable computers. Invellop has an agreement with Amazon.com, Inc. ("Amazon"), a Washington-based company, allowing Invellop to sell its products through Amazon.com at the "Invellop storefront." Invellop processes and fulfills the orders and receives payment from Amazon.

Defendant Bovino is a resident of the State of Colorado and the inventor of U.S. Patent No. 6,977,809 (the "'809 Patent"). The '809 Patent discloses a portable computer case that can be used on various devices. Bovino does not manufacture or sell products based on the '809 Patent but, instead, monetizes the '809 Patent through license agreements.

Sometime before August 7, 2013, counsel for Bovino purchased four Invellop products for the purpose of determining whether the Invellop products infringed the '809 Patent. The purchase allowed counsel for Bovino to conduct due diligence before filing suit. Counsel for Bovino, acting as an agent for Bovino, placed an order for the products at the Amazon.com Invellop storefront. Counsel for Bovino also paid for the products through Amazon.com. Invellop processed the order and shipped the products to counsel for Bovino. In response to Invellop's Interrogatory No. 1, Bovino listed the relevant information from that purchase, including the four Invellop products, the product descriptions, model numbers, Amazon standard identification numbers, and application for the products (such as iPad-Mini).

On August 7, 2013, Bovino sued Amazon in the United States District Court for the District of Colorado (the "Colorado litigation"), Case No. 13-cv-02111-MSK-MJW, alleging patent infringement. In Bovino's original complaint, Bovino alleged that "Defendant Amazon has infringed and is continuing to directly infringe, contribute to the infringement of, and/or induce the infringement of, at least one claim of the '809 Patent." Pl.'s Compl. Ex. B ¶ 10, Dkt. 1-2. Bovino further alleged that "[s]uch acts of infringement include, but are not limited to, Defendant Amazon's sale of the INVELLOP case cover for the New iPad, the iPad 2, the iPad 3, and the iPad mini." *Id.* On January 8, 2014, Bovino filed a motion for leave to file an amended complaint, which the District of Colorado granted on March 12, 2014. Case No. 13-cv-02111-MSK-MJW, Dkts. 33, 40.[2] Bovino filed an amended complaint on March 13, 2014, alleging, in relevant part, that Defendant Amazon's acts of infringement:

> include, but are not limited to, Defendant Amazon's use, sale, and/or offer for sale of cases for various versions of PC & Apple cellular phones, computers, and tablets (iPad, iPad-Mini, Microsoft Surface, Kindle Fire, ASUS MeMO Pad, Samsung Galaxy, Motorola Moto X, etc.); more specifically described and attached hereto as **Exhibit 2**, Spreadsheet of Accused Products by Manufacturer.

Amazon Am. Compl. ¶ 11, Case No. 13-cv-02111-MSK-MJW, Dkt. 41  (emphasis in original). Exhibit 2 of Bovino's Amended Complaint listed approximately 60 product manufacturers, including Invellop, and approximately 100 products, including four Invellop products. Amazon Am. Compl. Ex. 2 at 1-7, Case No. 13-cv-02111-MSK-MJW, Dkt. 41-2.

---

[2] The Court takes judicial notice of the pleadings in the Colorado litigation. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding that federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue"). At oral argument, neither party objected to the Court taking judicial notice.

On January 7, 2014, Invellop filed the instant lawsuit against Bovino in the United States District Court for the District of Oregon. Bovino filed the pending motion to dismiss for lack of personal jurisdiction on February 11, 2014. The parties conducted limited jurisdictional discovery through May 23, 2014. Invellop alleges in its complaint that Bovino's allegations and conduct in the Colorado litigation "potentially make Invellop liable" to Amazon for the cost of defending Amazon in that matter. Pl.'s Compl. ¶ 18, Dkt. 1. Invellop also alleges that Bovino's filing of the Colorado litigation was done "with the knowledge and intent that Invellop would be forced to hire attorneys to defend Amazon.com, Inc. and to bear costs beyond Invellop's capacities." *Id.* ¶ 19.

## DISCUSSION

### 1. Personal Jurisdiction Legal Standards

"Federal Circuit law governs the issue of personal jurisdiction in . . . patent-related case[s]." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). To assert personal jurisdiction over an out-of-state defendant in a patent-related dispute, a court must resolve two inquiries: "whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Oregon's long-arm statute extends jurisdiction to the outer limits of due process. *Robinson v. Harley-Davidson Motor Co.*, 354 Or. 572, 576-77 (2013) (en banc). Therefore, the Court considers only whether the exercise of personal jurisdiction over a defendant would satisfy federal due process. *Accord Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (collapsing the two part inquiry where a state's long-arm statute is coextensive with the limits of due process).

The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or

PAGE 5 – OPINION AND ORDER

relations."[3] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citation and quotation marks omitted). To satisfy due process, the plaintiff must show that the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and quotation marks omitted). Under the "minimum contacts" test, "a defendant may be subject to either specific jurisdiction or general jurisdiction." *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). A court has general personal jurisdiction over an out-of-state defendant when that defendant has "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). A court has specific personal jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (citation and quotation marks omitted). Thus, in "contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (citation and quotation marks omitted).

---

[3] The Federal Circuit noted that because a federal court's subject matter jurisdiction to hear patent disputes is based on federal question jurisdiction, 28 U.S.C. § 1331, rather than diversity jurisdiction, 28 U.S.C. § 1332, the Due Process Clause of the Fifth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs the court's assertion of personal jurisdiction. *Deprenyl Animal Health*, 297 F.3d at 1350; *see generally Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1143 (7th Cir. 1975). *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny were decided under the Due Process Clause of the Fourteenth Amendment. *See id.* at 311 (the question "for decision [is] whether, within the limitations of the due process clause of the Fourteenth Amendment, appellant, a Delaware corporation, has by its activities in the State of Washington rendered itself amenable to proceedings in the courts of that state"). Nonetheless, the Federal Circuit applies the standards developed in *International Shoe* and its progeny "to Fifth Amendment due process cases arising under the federal patent laws." *Deprenyl Animal Health*, 297 F.3d at 1350.

PAGE 6 – OPINION AND ORDER

Where a defendant is not subject to general personal jurisdiction, "a district court may nonetheless exercise specific personal jurisdiction over the defendant subject to a three part test." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009). The three factors are: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed*, 249 F.3d at 1360 (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)). "The plaintiff has the burden of proving parts one and two of the test, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).

Specific jurisdiction provides a cabined basis for jurisdiction over a defendant who has some dealings in a forum, but not enough to justify general jurisdiction. Critically, however, a court's assertion of specific jurisdiction is limited to occasions when the lawsuit arises out of the defendant's contact with the forum. *See, e.g.*, *Burger King*, 471 U.S. at 472 ("the litigation results from alleged injuries that arise out of or relate to [forum] activities" (quotation marks omitted)). As applied to a declaratory judgment action, the fact pattern typical to a patent infringement suit—where the claim asserted by the patentee plaintiff is that the defendant's acts constitute infringement of a presumptively valid patent—is not relevant. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). Instead, such a claim arises from "the defendant patentee in enforcing the patent or patents in suit." *Id.* Therefore, the relevant inquiry for specific personal jurisdiction in a declaratory action for patent noninfringement is "to what extent has the defendant patentee 'purposely directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or

PAGE 7 – OPINION AND ORDER

relates to those activities.'" *Id.* (quoting *Breckenridge Pharm.*, 444 F.3d at 1363) (alterations in original).

An alleged injury based only on the threat of infringement communicated in an "infringement letter" is insufficient to establish personal jurisdiction. *Avocent*, 552 F.3d at 1334; *Inamed Corp.*, 249 F.3d at 1361. This is because "principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998). Accordingly, a "patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness." *Id.* To establish the existence of specific personal jurisdiction, therefore, "there must be 'other activities' directed at the forum and related to the cause of action besides the letters threatening an infringement suit." *Silent Drive, Inc.*, 326 F.3d at 1202.

In *Avocent Huntsville Corp. v. Aten International Co.*, the Federal Circuit placed strict limitations on what "other activities" may be used to support the assertion of specific personal jurisdiction in a declaratory judgment action relating to a claim of patent noninfringement. 552 F.3d at 1334-36. A defendant must have engaged in "other activities" "that relate to the *enforcement* or the *defense of the validity* of the relevant patents." *Id.* at 1334 (emphasis in original). "Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* A defendant patentee's own commercialization activity in making,

using, offering to sell, selling, or importing products covered by its own patents does not establish specific personal jurisdiction. *Id.* at 1335.

### 2. Specific Personal Jurisdiction over Defendant Bovino

Invellop concedes that there is no claim that Bovino's activities in Oregon are or were extensive enough to confer general personal jurisdiction. Instead, Invellop argues that its claim against Bovino is supported by specific personal jurisdiction. The Court's analysis of personal jurisdiction in this case is predicated on Counts I and II of Invellop's complaint alleging patent noninfringement and patent invalidity.[4] Invellop's argument in favor of specific personal jurisdiction is two-fold: (1) Bovino's filing of the Colorado litigation against Amazon is sufficient to constitute contacts directed at Oregon; and (2) Bovino's purchase of four Invellop products before filing the Colorado litigation constitutes sufficient contacts directed at Oregon.

#### a. Jurisdiction based on the Colorado litigation

Invellop argues that Bovino's Colorado litigation against Amazon is sufficient to establish specific personal jurisdiction over Bovino despite the fact that Invellop is not a named party to that litigation. Invellop argues that Bovino "must have known" that Invellop had a contract with Amazon permitting Amazon to sell Invellop products. Further, Invellop argues that its contract with Amazon may obligate Invellop to pay Amazon's defense costs in the Colorado litigation and, thus, Invellop is directly affected by the suit even though it is not a named party.

Invellop's argument appears to be based on the concept of foreseeability. Invellop contends that the mention of Invellop as a relevant manufacturer in Bovino's original complaint

---

[4] Invellop's complaint asserts that subject-matter jurisdiction over Counts I and II is based on federal questions arising under 28 U.S.C. §§ 1331 and 1338(a). Subject-matter jurisdiction over Count III of Invellop's complaint is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Invellop does not allege an independent basis for federal subject-matter jurisdiction over Count III and thus, this Court need not reach the question of personal jurisdiction with respect to that Count. *See Silent Drive*, 326 F.3d at 1204-05.

in the Colorado litigation indicates that Bovino knew Invellop may be contractually bound to indemnify Amazon for its litigation expenses.[5] The Supreme Court, however, has categorically rejected the argument that the foreseeability of harm caused in a forum state is enough to establish personal jurisdiction. *Burger King*, 471 U.S. at 474 ("Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction.").

What is more, Invellop's foreseeability argument is also predicated upon the unilateral act of a third party. Invellop is not a named party to the Colorado litigation and is only affected by the Colorado litigation based on Amazon's assertion of a contractual indemnity obligation. Even assuming that a final judgment is eventually entered in the Colorado litigation in Bovino's favor, a judgment against Amazon would not prevent Invellop from selling its products separately from Amazon.com, such as through Invellop's own website or a physical storefront in Oregon. At most, the Colorado litigation may have an indirect effect on Bovino based upon the actions of Amazon.

The unilateral action of a third party, however, as the Supreme Court explained in *Helicopteros Nacionales de Columbia, S.A. v. Hall*, is "not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." 466 U.S. at 417; *see also Burger King*, 471 U.S. at 474-75. The justification for

---

[5] Invellop also provided the declaration of Owen Dukelow in support of Plaintiff Invellop's opposition to the pending motion to dismiss. Dukelow Decl., Dkt. 16. In that declaration Mr. Dukelow states that he "investigated the patent and its prosecution and litigation histories, the complaint, and the accused products, and concluded that Bovino's infringement claim against Invellop's products are so lacking in merit as to have been made in bad faith." *Id.* ¶ 3. Bovino objects to this statement as impermissible testimony stating a legal conclusion. The Court concludes that this legal conclusion is improper and grants Bovino's motion to strike the statement.

this principle is that the "purposeful availment" requirement is meant to "ensure[] that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*, 471 U.S. at 475 (citations omitted). The Court finds that a third-party contract between Amazon and Invellop is an insufficient basis to establish personal jurisdiction over Bovino in this matter.

Beyond the issue of foreseeability, Invellop also relies on *Silent Drive Inc. v. Strong Industries, Inc.* for the proposition that the effect of a lawsuit in one state can establish personal jurisdiction in another state. In that case, Strong Industries brought suit in Texas state district court against F.S. New Products, a Texas corporation, alleging that a trailing axle was subject to trade secret protection. 326 F.3d at 1198. Silent Drive contributed to the air suspension system in the trialing axle, but was not a named party in the Texas state court action. *Id.* After trial, the Texas court entered a final judgment for Strong Industries and entered an injunction, which expressly named Silent Drive, prohibiting the sale of any trailing axle assembly whose design was based on Strong Industries' trade secret information. *Id.* After entry of the injunction, Strong Industries sent letters and a copy of the Texas court's final order to Silent Drive in Iowa. *Id.* In the letter, Strong Industries explained that the final order expressly prohibits Silent Drive from manufacturing the trailing axle at issue in the Texas action. *Id.* at 1198-99.

The Federal Circuit upheld the district court's conclusion that the sending of letters by Strong Industries was insufficient to confer specific personal jurisdiction over Silent Drive's claims for patent noninfringement and patent invalidity. The court went on, however, to explain that Silent Drive also alleged a claim with federal question subject-matter jurisdiction by claiming that Strong Industries violated Silent Drive's federal due process rights because Silent Drive was not a party to the Texas case, was never notified of the action, never received service

of process, and over whom jurisdiction was lacking. *Id.* at 1203. The Court found that because that claim was not "patent related," the question of personal jurisdiction was governed by regional circuit law and, under the Eighth Circuit's precedent, the district court did have personal jurisdiction over the defendant with respect to the federal due process claim. *Id.* at 1204-05. Based on this jurisdiction, the district court could also exercise supplemental jurisdiction over the patent-related claims. *Id.* at 1206.

Invellop's reliance on *Silent Drive* is unpersuasive. The facts in that case are distinguishable because Invellop has not alleged that another federal cause of action exists in which this Court has personal jurisdiction over the defendant. Moreover, the proposition that a party's filing of a lawsuit in one district subjects that party to specific personal jurisdiction in other districts throughout the country runs afoul of Federal Circuit precedent. *See Avocent*, 552 F.3d at 1339 ("We are aware of no precedent that holds that the filing of a suit in a particular state subjects that party to specific personal jurisdiction everywhere else."). Ultimately, any obligation that Invellop may have as a result of the Colorado litigation is the result of an agreement between Invellop and Amazon. Such an indirect connection to Bovino provides insufficient grounds for Bovino to expect to be haled into court in this district. *See Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 791-92 (Fed. Cir. 2011) (explaining that in *Avocent* the Federal Circuit made clear that to establish specific personal jurisdiction the patent enforcement efforts must occur within the forum state). The Colorado litigation names Amazon and not Invellop as a party, and whatever Bovino's strategy and subjective intentions may have been, Invellop has failed to allege facts that establish specific personal jurisdiction.

### b. Jurisdiction based on the purchase of four Invellop products

Invellop also argues that Bovino's purchase of four Invellop products before initiating the Colorado litigation is sufficient to establish specific personal jurisdiction. This argument also

PAGE 12 – OPINION AND ORDER

fails. Bovino's purchase of Invellop products is unrelated to an enforcement proceeding pending in the District of Oregon and, instead, is related to the due diligence completed by counsel for Bovino before filing the Colorado litigation. As noted above and as addressed in *Avocent*, in order for a court to exercise personal jurisdiction, the defendant must direct enforcement activities within the forum state. *See Avocent*, 552 F.3d at 1333-34; *Radio Sys.*, 638 F.3d at 791-92. Here, Invellop presented no evidence establishing that Bovino purchased the Invellop products within the State of Oregon. Instead, Bovino's response to Invellop's Interrogatory No. 1 merely shows that Bovino bought products from Amazon.com to investigate whether Bovino believed there was a valid infringement claim. Accordingly, the Court finds that Bovino's purchase of products is not a purposely directed enforcement activity within this forum. *See Avocent*, 552 F.3d at 1332.

     Even assuming that Bovino's purchase of four products from Amazon.com were sufficient to constitute a contact within this forum, the Court also finds that exercising jurisdiction over a party investigating the validity of an infringement claim and conducting necessary due diligence would offend "principles of fair play and substantial justice." *See Red Wing Shoe*, 148 F.3d at 1360-61. Under the Federal Circuit's precedent addressing what "other activities" might be sufficient to establish specific personal jurisdiction, courts routinely require *more than* a mere infringement letter. *See, e.g.*, *Autogenomics*, 566 F.3d at 1019 (collecting cases and finding certain other patent enforcement actions, taken in conjunction with the issuance of cease-and-desist letters, are sufficient to support specific jurisdiction over a patentee in a foreign forum); *Inamed*, 249 F.3d at 1362 (the "combination of [defendant's] infringement letter" and negotiations that culminated in four license agreements with plaintiff supported specific jurisdiction).

PAGE 13 – OPINION AND ORDER

If the Federal Circuit protects a patentee's right to inform another of alleged patent infringement, then surely a patentee would be afforded the ability to determine if it has a legitimate infringement claim. Framed in this manner, the investigation of a patent infringement claim is one removed from the sending of an infringement letter. Invellop's argument to the contrary would mean that the limited investigation of an infringement claim could be enough to establish specific personal jurisdiction. Such an argument is in conflict with the Federal Circuit precedent from *Red Wing Shoe*. *See* 148 F.3d at 1360-61. Thus, the Court finds that exercising specific jurisdiction over Bovino based on the limited due diligence associated with investigating a patent infringement claim would offend "principles of fair play and substantial justice." *Id.*

## CONCLUSION

The Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Dkt. 7. Invellop's complaint, Dkt. 1, is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

**IT IS SO ORDERED**.

DATED this 11th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge